IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK FUNDENBERG** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL NUTTER, MAYOR;** | : | |
| **LOUIS GIORLA, COMMISSIONER; and** | : | |
| **JOHN DELANEY, WARDEN.** | : | NO. 14-3761 |
| | | |
| **MITCHELL S. GOLDBERG, J.** | | **NOVEMBER 29, 2016** |

<u>**MEMORANDUM OPINION**</u>

*Pro se* plaintiff Derrick Fundenberg brings this action under 42 U.S.C. § 1983 ("Section 1983"). He alleges violations of his constitutional rights while incarcerated as a pretrial detainee within the Philadelphia Prison System ("PPS"). Defendants, represented by the City of Philadelphia Law Department ("City"), have filed a motion to dismiss. In an order dated March 11, 2016, Fundenberg was (i) directed to file a written notice of change of address, and (ii) advised that he "may file" a response to the defendants' motion to dismiss. On March 24, 2016, Fundenberg filed only a change of address, indicating an intent to continue with the action.

Fundenberg did not file a response to the City's motion to dismiss. However, a motion to dismiss for failure to state a claim should not be dismissed solely because the motion is unopposed. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (Before dismissal a court should analyze the complaint to determine if it does, in fact, state a claim); *See also Ray v. Reed*, 240 F.App'x 455, 456 (3d Cir. 2007) ("[A] motion to dismiss under Rule 12(b)(6) should not be granted without an analysis of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions").

Accordingly, the facts in Fundenberg's complaint and the City's motion to dismiss have been considered on the merits. For the reasons described below, the motion to dismiss will be denied.

**I.   FACTUAL BACKGROUND**

Fundenberg filed a typed, form complaint asserting claims against defendants acting as supervisors:

Michael Nutter, the former Mayor of Philadelphia; Louis Giorla, the former Commissioner of the Philadelphia Prison System; and John Delaney, the former Warden of Curran-Fromhold Correctional Facility. The City filed its motion to dismiss on behalf of all three defendants.

Fundenberg claims that his constitutional rights were violated as a result of overcrowded prison conditions, commonly referred to as a "triple celling" claim.[1] He alleges that during his incarceration within the Philadelphia Prison System he was subjected to overcrowded conditions including: inadequate recreational space; poor ventilation and air quality; damaged mattresses and sheets; inadequate laundry access; and failure to train correctional officers to supervise the overcrowding. He also alleges that showers are "covered in black mold and in disrepair, and the cells are infested with insects and rodents." The complaint further states that due to the overcrowded prison conditions, inmates were "subjected to extended periods of restricted movement and 'lockdowns.'" Fundenberg does not allege any personal injury.[2]

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.* Where, as here, the plaintiff is proceeding *pro se*, "the court has an

---

[1] On page five of his complaint, Fundenberg also states he was also placed in "(4) man cells, converted from recreation storage closets. . ." For the purposes of this opinion, this allegation will be addressed as part of the "triple-celling" claim.

[2] Under the Prison Litigation Reform Act, an incarcerated plaintiff cannot recover compensatory damages if he has not alleged and proven a substantial physical injury. 28 U.S.C. § 1997e(e).

obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

While *pro se* plaintiffs cannot be held to as high a pleading standard as other litigants, the Court cannot infer facts central to plaintiff's claims that are not stated in the complaint or other documents before the Court. *See, e.g., Hamilton v. Jamieson*, 355 F. Supp. 290, 298 (E.D. Pa. 1973); *Wells v. Brown*, 891 F. 2d 591, 592-594 (6th Cir. 1988) (collecting cases where courts have required *pro se* litigants to adhere to basic pleading requirements); *Case v. State Farm Mutual Automobile Insurance Co.*, 294 F.2d 676, 678 (5th Cir. 1961) ("[T]here is no duty [on the part] of the trial court or appellate court to create a claim which appellant has not spelled out in his pleading").

### III. DISCUSSION

The City's motion to dismiss asserts two reasons the complaint fails to state a claim: (1) because Fundenberg fails to allege an underlying constitutional violation, and (2) that defendants are not liable because Fundenberg failed to allege their "personal involvement" in the alleged constitutional violations.

#### 1. Failure to Allege a Constitutional Violation

A pre-trial detainee's conditions of confinement claim, including a "triple celling" claim, is analyzed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which proscribes pre-trial punishment. *Bell v. Wolfish*, 441 U.S. 520, 534 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166-67 (3d Cir. 2005). A condition of confinement is unconstitutional punishment if it results from an express intent to punish or is not rationally related to a legitimate governmental purpose. *Id.* at 538-39. In order to assess whether triple celling is rationally related to the government purpose of managing an overcrowded prison, a district court must "look to the totality of the conditions" specific to the prison at issue, "including the size of the detainee's living space, the length of confinement, the amount of time spent in the confined area each day, and the opportunity for exercise." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008).

Fundenberg's complaint lists several allegations of unsanitary, unsafe, or otherwise inadequate conditions that give a glimpse of the totality of the circumstances that he experienced. For example, he states he was "forced to live in a 7'X10' cell with two other inmates; the cell was originally designed to hold two people, but due to severe overcrowding a third man sleeps on a plastic 'boat' next to the cells toilet and is exposed to urine and fecal matter." He alleges that inmates were subjected to "nearly contin[uous] lockdowns" and that the "PPS population as a whole has increasingly been subjected to extended periods of 'restricted movement' and 'lockdowns.'" Fundenberg further claims that there was "inadequate 'day room' and recreational space" and that inmates are denied access to programs and services. The facts alleged, construed liberally and taken as true, give enough detail about the circumstances in the prison to survive a motion to dismiss. It is plausible that these prison conditions were not rationally related to a legitimate government purpose, and therefore violated Fundenberg's constitutional rights under the Fourteenth Amendment.

### 2. Lack of Personal Involvement of the Supervisor Defendants

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law. To state a claim under section 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). While, "[g]overnment officials may not be held liable [under section 1983] for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First. Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Supervisor-defendants may be liable if they were personally involved in the constitutional violation, *i.e.* they participated in it, directed others to commit it, or had actual knowledge of and acquiesced in it. *Id.* Supervisor-defendants may *also*

be liable if "they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm.'" *Id. (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

Although there are two ways supervisors may be found liable for a § 1983 constitutional violation, the City only addresses the personal liability theory of liability. Viewing the complaint in a light most favorable to Fundenberg, there are not sufficient facts to establish that any of the supervisor defendants were personally involved in a constitutional violation.

The City does not, however, address whether the supervisor defendants may be liable if they, with deliberate indifference to causing a constitutional harm, created or maintained a policy or custom of triple celling. The United States Court of Appeals for the Third Circuit has adopted a test to evaluate whether supervisors are liable under § 1983 for deliberate indifference to an unconstitutional policy or practice. "The plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)); *See also Barkes*, 766 F.3d at 330. The court in *Brown* highlighted that "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the supervisor had done more than he or she did." *Brown* at 216 (citing *Sample*, 885 F.2d at 1118). A plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest to the Court a relationship between the "identified deficiency" of a policy or custom and the injury suffered. *Id.*

Fundenberg's complaint alleges that the City created and maintained policies that created unconstitutional risks, including a policy of housing inmates in overcrowded cells. Fundenberg states he experienced "pervasive overcrowding in the PPS," suggesting that all inmates suffered the same circumstances - a fact that could establish a practice or custom. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (Plaintiff's complaint did not "allege other inmates suffered similar deprivations. . . that might establish a custom") (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (Custom may be proven by showing that a specific course of conduct is "well-settled and permanent," even if that conduct is not expressly endorsed by a written rule)).

The mere existence of a policy or custom is not, however, enough to prove liability. Fundenberg must also connect the supervisors to the policy. Fundenberg alleges that defendant Nutter "promulgates policies governing the PPS. . . including policies affecting conditions of confinement," and that defendants Giorla and Delaney are "charged with the managing and overseeing [of] all operations at CFCF." While Fundenberg does not elaborate on specific actions of the defendants to support his claim that the individuals, acting as supervisors, were indifferent to the risks caused by maintaining a policy of overcrowded cells, the facts as plead are sufficient to survive a motion to dismiss.

"In pleading a § 1983 action against a municipality or a municipal officer in his official capacity, a plaintiff need only comply with the Federal Rules of Civil Procedure's regime of notice pleading. The Supreme Court has held that there can be no heightened pleading requirement in § 1983 actions against municipalities and officers in their official capacities." *Serena H. v. Kovarie*, 209 F. Supp. 2d 453, 456 (E.D. Pa. 2002) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)); see also, *Albright v. Virtue*, 273 F.3d 564, 571 (3d Cir. 2001).

Finally, a plaintiff must connect the policy to the injury or constitutional violation. As stated above, there are enough facts to suggest a constitutional violation has taken place, caused by the overcrowded

prison conditions. The pervasive custom of triple celling connects the policy to the injury.

In sum, the complaint contains factual allegations that, construed in the light most favorable to the plaintiff, satisfy the elements of (1) an underlying violation of due process, and (2) supervisor liability under Section 1983.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny the City's motion to dismiss. An appropriate order follows.